UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO.  4:19-cv-75-JHM
*Filed Electronically*

**In re:  70 Hickory Hollow Drive, Madisonville, Kentucky 42431**

UNITED STATES OF AMERICA                                          PLAINTIFF

VS.

WILLIAM L. SHADRICK,
**Serve via certified mail:**            **1505 Island Ford Road, Apt. 130**
                                                       **Madisonville, KY 42431**

VICKIE SHADRICK,
**Serve via certified mail:**            **1505 Island Ford Road, Apt. 130**
                                                       **Madisonville, KY 42431**

LVNV FUNDING, LLC,
**Serve via Kentucky**
**Secretary of State:**                    **15 South Main Street, Suite 700**
                                                       **Greenville, SC 29601**

AND

BAPTIST HEALTH MADISONVILLE,
INC.,                                                                                      DEFENDANTS
**Serve upon Registered Agent**
**For Service of Process**
**Via certified mail:**                     **Janet M. Dorton, Esq.**
                                                       **2701 East Point Parkway**
                                                       **Louisville, KY 40223**

## **COMPLAINT**

********

   Comes now the Plaintiff, the United States of America, by and through counsel, and for its

Complaint and cause of action against the Defendants states as follows:

1

1. This real estate mortgage foreclosure action is brought by the United States of America, on behalf of its Department of Agriculture, Rural Development (hereinafter "RD"), pursuant to Title 28, United States Code, Section 1345.

2. On or about June 15, 1989, William L. Shadrick and Vickie Shadrick, for value received, executed and delivered to RD a promissory mortgage note (hereinafter "Note") in the principal amount of $39,500.00, bearing interest at the rate of 9.75 percent per annum, the Note calling for monthly payments of principal and interest. A copy of this Note is attached hereto marked Exhibit A, and hereby incorporated by reference as if set forth at length herein.

3. Contemporaneously with the execution of the Note, William L. Shadrick and Vickie Shadrick, executed, acknowledged, and delivered to RD a real estate mortgage (hereinafter "Mortgage"), which was recorded on June 16, 1989, in Mortgage Book 367, Page 495, in the Commonwealth of Kentucky, Hopkins County Clerk's Office. In and by this Mortgage, said borrowers granted to RD a first mortgage lien against the real property described in the Mortgage located in Hopkins County, Kentucky (hereinafter "Property"). A copy of this Mortgage is attached hereto marked Exhibit B, and is hereby incorporated by reference as if set forth at length herein.

4. Contemporaneously with the execution of the Note and Mortgage, William L. Shadrick and Vickie Shadrick, executed, acknowledged, and delivered to RD a Subsidy Repayment Agreement (hereinafter "Subsidy Agreement"). A copy of this Subsidy Agreement is attached hereto marked Exhibit C, and hereby incorporated by reference as if set forth at length herein.

5.  By virtue of all of the foregoing, the real property which is the subject of this mortgage foreclosure action consists of a tract of land located in Hopkins County, Kentucky, and more particularly described as follows:

> Being all of Lot #22 of the Hickory Hollow Subdivision, located in the City of Madisonville, Kentucky, a plat or map of which is of record in the office of the Clerk of the Hopkins County Court, to which plat or map reference is made for a more particular description of the same, see Plat Book 4, page 71.

> There is reserved and excepted from this conveyance all of the minerals in and underlying the same which have been previously reserved and conveyed.

> Being the same property conveyed to William L. Shadrick and his wife, Vickie Shadrick by a deed of conveyance from Dennis Allen Lear and his wife, Brenda S. Lear dated June 15, 1989 and of record in Deed Book 483, page 179 in the office of Hopkins County Court Clerk.

6.  The Defendants, and/or said borrowers, have failed and continue to fail to make payments of principal and interest due in accordance with the terms and conditions of the said Note and Mortgage and are, therefore, in default.

7.  Paragraph (17) of the Mortgage provides that if default occurs in the performance or discharge of any obligation of the Mortgage, then RD shall have the right to accelerate and declare the entire amount of all unpaid principal together with all accrued and accruing interest to be immediately due and payable and to bring an action to enforce the Mortgage, including the foreclosure of the lien thereof.  Because of the Default of the Defendants, and/or said borrower, as set forth above, RD caused a Notice of Acceleration of Indebtedness and Demand for Payment to be issued to said Defendants declaring the entire indebtedness due upon the said Note and Mortgage to be immediately due and payable, which demand has been refused.

8. Paragraph (3) of the Subsidy provides that subsidy received in accordance with a loan under section 502 of the Housing Act of 1949 is repayable to the Government upon the disposition or nonoccupancy of the security property.

9. The unpaid principal balance on the Mortgage and Note is $23,402.71, with accrued interest of $4,013.34 through December 17, 2018, with the total subsidy granted of $20,677.86, escrow in the amount of $173.11, with late charges in the amount of $73.82, and with fees assessed of $2,887.85, for a total unpaid balance due of $51,228.69. Interest is accruing on the unpaid principal balance at the rate of $7.0083 per day after December 17, 2018.   An Affidavit of Proof Statement of Account signed by RD Foreclosure Representative, Kimberly Williamson, is attached hereto marked Exhibit D, and is incorporated herein as if set forth verbatim.

10. Included within the balance set out in paragraph 9 above, the portion of the debt attributable to the Mortgage secured by the real estate collateral is the principal sum of $23,402.71, with interest accrued thereon of $4,013.34 through December 17, 2018. Interest is accruing on the unpaid balance at the rate of $7.0083 per day after December 17, 2018.

11. The Defendant, LVNV Funding, LLC, may claim an interest in the Property by virtue of a Notice of Judgment Lien, which was recorded on March 4, 2015, in Encumbrance Book 106, Page 20, in the Commonwealth of Kentucky, Hopkins County Clerk's Office.  Copy of the Judgment Lien is attached hereto marked Exhibit E, and is hereby incorporated by reference as if set forth at length herein. Said Defendant's interest in or claim on the Property is inferior in rank and subordinate in priority to the mortgage lien on the Property in favor of RD.  RD is entitled to a foreclosure sale of the Property free and

clear of any interest therein or claim thereon in favor of the Defendant, LVNV Funding, LLC, and the Plaintiff calls upon said Defendant to come forth and assert its claim on or interest in the property, if any, and offer proof thereof, or be forever barred.

12. The Defendant, Baptist Health Madisonville, Inc., may claim an interest in the Property by virtue of a Notice of Judgment Lien, which was recorded on August 31, 2015, in Encumbrance Book 107, Page 170, in the Commonwealth of Kentucky, Hopkins County Clerk's Office.  Copy of the Judgment Lien is attached hereto marked Exhibit F, and is hereby incorporated by reference as if set forth at length herein. Said Defendant's interest in or claim on the Property is inferior in rank and subordinate in priority to the mortgage lien on the Property in favor of RD.  RD is entitled to a foreclosure sale of the Property free and clear of any interest therein or claim thereon in favor of the Defendant, Baptist Health Madisonville, Inc., and the Plaintiff calls upon said Defendant to come forth and assert its claim on or interest in the property, if any, and offer proof thereof, or be forever barred.

13. Upon information and belief, the Plaintiff states that William Shadrick and Vickie Shadrick filed Chapter 7 bankruptcy, case number 10-40179-dts in the United States Bankruptcy Court for the Western District of Kentucky, on or about February 8, 2010. William Shadrick and Vickie Shadrick entered into a Reaffirmation Agreement with the United States Department of Agriculture, Rural Development, on or about May 6, 2010. Therefore, William Shadrick's and Vickie Shadrick's obligation on the mortgage debt to the Plaintiff was exempt from their discharge, and they remain personally liable on the debt.

14. Upon information and belief, the Plaintiff states that the subject real property has been abandoned, as verified by a field inspection performed on August 21, 2018.  A copy of Field Inspection evidencing this allegation is attached hereto marked Exhibit G, and hereby incorporated by reference as if set forth at length herein.

15. The Property is indivisible and cannot be divided without materially impairing its value and the value of RD's lien thereon.

16. The lien on the Property in favor of RD by virtue of the Mortgage is first, prior and superior to all other claims, interests and liens in and to the Property except for liens securing the payment of ad valorem property taxes.

17. There are no other individuals or entities purporting to have an interest in the Property known to RD.

WHEREFORE, the Plaintiff, the RD, prays for relief as follows:

a.   That the RD be awarded a judgment, as the total amount owing is $51,228.69, as of December 17, 2018.  Interest is accruing on the unpaid principal balance at the rate of $7.0083 per day after December 17, 2018, until entry of judgment herein, and thereafter according to law, plus costs, disbursement and expenses.

b.   That RD be adjudged a lien on the subject Property, prior and superior to any and all other liens, claims, interests, and demands, except liens for unpaid real estate ad valorem taxes and except as set forth above; and for an Order of Sale of the Property in accordance with Title 28, United States Code, Sections 2001- 2003, inclusive; that the Property be sold free and clear of any and all liens and claims for any and all parties to this action, except for real estate

restrictions and easements of record, and any city, county, state, or school ad valorem taxes which may be due and payable thereon at the time of sale; and free and clear of any rider equity of redemption; and that the proceeds from the sale be applied first to the costs of this action, second to the debt, interest, costs, and fees due the Plaintiff, with the balance remaining to be distributed to the parties as their liens and interests may appear.

c.   That the Property be adjudged indivisible and be sold as a whole.

d.   That all Defendants be required to Answer and set up their respective liens, claims, or interests in the Property, if any, or be forever barred.

e.   For any and all other lawful relief to which the Plaintiff may appear properly entitled.

Respectfully submitted,

By: _/s/   Melissa R. Dixon_____ ___
Attorney for the Plaintiff:
R. Scott Wilder/ Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC
1222 ½ N. Main St. Ste. 2
London, KY 40741
Telephone: (606) 878-8906
Facsimile: (606)878-8907
Email: rswilder@gambrelwilderlaw.com
         mrdixon@gambrelwilderlaw.com

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff   N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gambrel & Wilder Law Offices, PLLC, 1222 1/2 N. Main Street, Suite 2, London, KY 40741, (606) 878-8906

## DEFENDANTS

William L. Shadrick, Vickie Shadrick, LVNV Funding, LLC, Baptist Health Madisonville, Inc.

County of Residence of First Listed Defendant   Hopkins
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1345

Brief description of cause:
Foreclosure of USDA Mortgage

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
51,228.69

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   07/03/2019

SIGNATURE OF ATTORNEY OF RECORD   /s/ Melissa R. Dixon

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

USDA-FmHA
Form FmHA 1940-16
(Rev: 8/87)

**PROMISSORY NOTE**

| TYPE OF LOAN | STATE | KENTUCKY |
|---|---|---|
| RH–502 | COUNTY | HOPKINS |
| | CASE NO. | |

Date ___June 15___ , 19 89 .

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

MADISONVILLE, KENTUCKY _____,

THE PRINCIPAL SUM OF ___THIRTY NINE THOUSAND FIVE HUNDRED AND 00/100--------------------___

DOLLARS ($ __39,500.00_____ ), plus INTEREST on the UNPAID PRINCIPAL of

__NINE AND THREE QUARTERS___ PERCENT ( _9.75____ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____ , 19____ shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $ _____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____ of each _____ beginning on _____ , 19____ , through _____ , 19____ , Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in ___396___ installments as indicated in the box below:

| | |
|---|---|
| $ _335.00_____ | on ___July 15_____ , 19 89 , and |
| $ _335.00_____ | thereafter on the _Fifteenth_ of each _MONTH_ |

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE _THIRTY THREE_ ( _33____ ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

*Position 2*                                                                                   FmHA 1940-16 (Rev. 8/87)

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_____ (SEAL)
WILLIAM L. SHADRICK        (BORROWER)

_____ (SEAL)
VICKIE SHADRICK            (SPOUSE)

70 Hickory Hollow Drive

Madisonville, Kentucky  42431

"A Reamortization and/or Deferral Agreement dated January 15, 1997, in
the principal sum of $36,908.40, has been given to modify the payment sche
of this note."

| | RECORD OF ADVANCES | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 39,500.00 | 6/15/87 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 39,500.00 | |

☆ U.S. Government Printing Office: 1987—723-631/61519

# EXHIBIT A

6-2289 Mod F. H. A.

USDA-FmHA
Form FmHA 427-1 KY
(Rev. 8-14-81)

Position 5

BOOK 367 PAGE 495

## REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is made and entered into by  William L. Shadrick and his wife,

Vickie Shadrick

residing in  Hopkins _____ County, Kentucky, whose post office
address is  70 Hickory Hollow Drive, Madisonville _____, Kentucky 42431 ,
herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 6/15/1989 | $39,500.00 | 9.75% | 6/15/2022 |

The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument will be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Adminstration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky,

County(ies) of  Hopkins _____ :

*496*

Being all of Lot #22 of the Hickory Hollow Subdivision, located in the City of Madisonville, Kentucky, a plat or map of which is of record in the office of the Clerk of the Hopkins County Court, to which plat or map reference is made for a more particular description of the same, see Plat Book 4, page 71.

There is reserved and excepted from this conveyance all of the minerals in and underlying the same which have been previously reserved and conveyed.

Being the same property conveyed to William L. Shadrick and his wife, Vickie Shadrick by a deed of conveyance from Dennis Allen Lear and his wife, Brenda S. Lear dated June 15, 1989 and of record in Deed Book 483, page 179 in the office of the Hopkins County Court Clerk.

being the same (or part of the same) land conveyed*

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)  Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government–whether once or often–in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, a bankrupt, or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

Given under the hand(s) and seal(s) of Borrower this _____ 15th _____ day of _____ June _____ , 19 89 .

498

_____ William L. Shadrick _____ (SEAL)

_____ Vickie Shadrick _____ (SEAL)

STATE OF KENTUCKY

COUNTY OF Hopkins } ss:

Before me, _____ Kim Burden _____ , a Notary Public in and for

the County of _____ Hopkins _____ personally appeared _____ William L. Shadrick _____

_____ and _____ Vickie Shadrick _____ , his wife,

who acknowledged that they executed the foregoing instrument on the _____ 15th _____

day of _____ June _____ , 19 89 , as their free act and deed.

WITNESS my hand and official seal this _____ 15th _____ day of _____ June _____ , 19 89

(SEAL)                                                          _____ Kim Burden _____
My commission expires: _____ 5/22/92 _____                              Notary Public

## PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

_____ Pam Corbin _____
                                    (name)

_____ 33 East Broadway, Madisonville, Kentucky, 42431 _____
                                    (address)

_____ Pam Corbin _____
                                    (Signature)

## RECORDER'S CERTIFICATE

STATE OF KENTUCKY

COUNTY OF _____ } ss:

I, _____ William T. Brooks _____ , Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the _____ 16 _____ day of _____ June _____ , 19 89 , lodged for record

at _____ 8:00 _____ o'clock _____ A _____ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this _____ 16 _____ day of _____ June _____ , 19 89 .

_____ William T. Brooks _____

FmHA Instruction 1951-I
Exhibit A

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

Subsidy Repayment Agreement

Date of Note 6/15/89 Amount of Note 39,500.00  Date of mortgage   6/15/1989

Date of Note _____   Amount of Note _____   Date of mortgage _____

Type of assistance:   RH-502              1. Interest credit /X/
                                          2. Homeownership Assistance
                                             Program / /
Address of Property:   70 Hickory Hollow Drive

                       Madisonville, KY   42431

BORROWER:       William L. Shadrick

CO-BORROWER:    Vickie Shadrick

1    This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us).  If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid.  The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

   (a)  Unpaid balance of loans secured by a prior mortgage as well as
   real estate taxes and assessments levied against the property which
   are due will be paid.

   (b)  Unpaid principal and interest owed on FmHA RH loans for the
   property and advances made by FmHA which were not subsidy and are
   still due and payable will be paid to the Government.

   (c)  I (we) will receive from the sale proceeds actual expenses
   incurred by me (us) necessary to sell the property.  These may include
   sales commissions or advertising cost, appraisal fees, legal and
   related costs such as deed preparation and transfer taxes.  Expenses
   incurred by me (us) in preparing the property for sale are not allowed
   unless authorized by the Government prior to incurring such expenses.
   Such expenses will be authorized only when FmHA determines such expenses
   are necessary to sell the property, or will likely result in a return
   greater than the expense being incurred.

   (d)  I (we) will receive the amount of principal paid off on the
   loan calculated at the promissory note interest rate.

   (e)  Any principal reduction attributed to subsidized interest
   calculations will be paid to the Government.

   (f)  I (we) will receive my original equity which is the difference
   between the market value of the security, as determined by the
   FmHA appraisal at the time the first loan subject to recapture of
   subsidy was made, and the amount of the FmHA loan(s) and any
   prior lien.  This amount is _____ 0 _____ and represents
   _____ percent of the market value of the security.  (The

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent: _____ .  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7     When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8     I (we) have read and agree to the provisions of this agreement.

_____ Borrower
WILLIAM L. SHADRICK

_____ Co-Borrower
VICKIE SHADRICK

_____
6/15/89
      Date signed

Accepted and Agreed to
By _____ (FmHA Official)
   DEBORAH H. BOONE
   COUNTY SUPERVISOR          (Title)

_____
6/20/89
      Date

oOo

**UNITED STATES DEPARTMENT OF AGRICULTURE
RURAL DEVELOPMENT**

**AFFIDAVIT OF PROOF STATEMENT OF ACCOUNT AS TO:**

Borrower's Name(s):                **William L. Shadrick and Vickie Shadrick**
RD Loan Number(s):

**STATE OF MISSOURI
COUNTY OF ST LOUIS**

Personally appeared before me the undersigned authority, **Kimberly Williamson**, Foreclosure Representative, Rural Development (RD) who upon oath deposes and says that she is an employee of the United States Department of Agriculture, an agency of the United States of America, and further states as follows:

1. That affiant is the RD Officer charged with legal custody of the accelerated RD loan file.

2. That affiant has personally reviewed **William L. Shadrick and Vickie Shadrick**, borrowers Rural Development's accelerated RD loan account and file, and according to the records maintained and kept in this office, the borrower(s) as of **December 17, 2018**, owe(s) the unpaid balance of **$51,228.69** which includes principal, interest accrued to date and other charges to the account as provided by the loan instruments and applicable law.  Interest continues to accrue at the rate of **$7.0083** per day as provided by the loan instruments.  The payment is due the **15th** of every month and is currently delinquent for **April 15, 2017** thru **December 17, 2018**.

3. The account is delinquent as of **December 17, 2018** in the amount of **$14,771.20**.

Breakdown of the unpaid balance:

| Loan Number | |
|---|---|
| Principal Balance | $ 23,402.71 |
| Interest | $   4,013.34 |
| Total Subsidy Granted | $ 20,677.86 |
| Escrow | $      173.11 |
| Late Charges | $        73.82 |
| Fees Assessed | $   2,887.85 |
| Escrow Credits | $ |
| **TOTAL** | $ 51,228.69 |

Affiant has personal knowledge of the above-stated facts, is competent to testify to same, and declares that the foregoing is true and correct.

Kimberly Williamson, Foreclosure Representative
St. Louis, MO
Rural Development
United States Department of Agriculture

Sworn to and subscribed before me this 5th day of December, 2018

**Kari C. Meyer**, Notary
Notary Public for Missouri
My Commission Expires: 02/24/2022

KARI C. MEYER
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 14398578
My Commission Expires Feb 24, 2022

BOOK 106 PAGE 20

COMMONWEALTH OF KENTUCKY
HOPKINS DISTRICT COURT
CIVIL DIVISION
CIVIL CASE NO. 14-C-908

NOTICE OF JUDGMENT LIEN ON REAL ESTATE

JUDGMENT DEBTOR:              JUDGMENT CREDITOR:
WILLIAM SHADRICK              LVNV FUNDING LLC
                             55 BEATTIE PL #110 MS#252
                             GREENVILLE, SC 29601

          Total judgment amount as of February  19, 2015 :    $1149.74
          Principal amount:                          $865.63
          Accrued interest:                          $147.61
          Interest rate:                             12.000%
          Costs:                                     $136.50
          Attorney fees:                             $0.00

   The filing of this Notice in the County clerk's office below acts as
a lien upon all real estate in that County, in which the Judgment Debtor
has any ownership interest.

          TO THE CLERK OF THE COUNTY STATED BELOW:

   Pursuant to KRS 426.720, you shall immediately enter this Notice of
Judgment Lien in the lis pendens records of your office, to act as a
lien upon all real estate in your County in which the above JUDGMENT
DEBTOR has any ownership interest. You shall note your entry upon the
original of this Notice, and return a copy thereof to the attorney for
Judgment Creditor whose name and address are below.

TO: HOPKINS County Clerk

                         NOTICE TO JUDGMENT DEBTOR, YOU MAY

                         BE ENTITLED TO AN EXEMPTION UNDER

                         KRS 427.060 REPRINTED BELOW.  IF YOU

                         BELIEVE YOU ARE ENTITLED TO ASSERT

                         AN EXEMPTION, SEEK LEGAL ADVICE.

21

KRS 427.060:    "In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed five thousand ($5,000.00) Dollars in value, in real or personal property that such debtor or a dependant of such debtor uses as a permanent residence in this State, or in a burial plot for such debtor or a dependant at such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon."

This Instrument was prepared and submitted by:

WELTMAN, WEINBERG & REIS CO., L.P.A.

James T. Hart, 92054
525 Vine Street, Suite 800
Cincinnati, Ohio  45202
(513) 723-2200

20640729 C A Cin FS3

2015002126
HOPKINS CO, KY FEE $13.00
PRESENTED / LODGED: 03-04-2015 09:24:17 AM
RECORDED: 03-04-2015
KEENAN CLOERN
CLERK
BY: NICOLE COFFMAN
DEEDS INDEXING

BK: EN 106
PG: 20-21

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Judgment Lien has been mailed by regular U. S. Mail, postage pre-paid to:

WILLIAM SHADRICK
70 HICKORY HOLLOW DR
MADISONVILLE, KY 42431

on this 26th day of February , 2015.

James T. Hart, 92054
Attorney for Plaintiff
525 Vine Street, Suite 800
Cincinnati, OH  45202
(513)-723-2200
FAX: 513-723-2299
CINATTY@WELTMAN.COM

This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose.

BOOK __107__ PAGE __170__

Civil Action No.  14-C-00135                                  Hopkins District Court

Baptist Health Madisonville Inc. et al
900 Hospital Dr.
Madisonville, KY 42431                                                        PLAINTIFF

VS.                              **NOTICE OF JUDGMENT LIEN**

William Lee Shadrick,
Vickie Lynn Shadrick                                                        DEFENDANTS

Take notice that the above referenced Plaintiff obtained a Judgment against the above referenced Defendants in the above Court, for the sum of $3101.50, with interest accruing at the rate of 12% per annum from February 24, 2014, plus all court costs expended; a Judgment was entered against the above referenced Defendant, William Lee Shadrick, in the above Court, for the sum of $65.84, with interest accruing at the rate of 12% per annum from February 24, 2014, a Judgment was entered against the above referenced Defendants in the above Court, for the sum of $553.15, with interest accruing at the rate of 12% per annum from February 24, 2014, and as security for said Judgments levies on all of the right, title and interest of the Defendants, William Lee Shadrick and Vickie Lynn Shadrick, in and to any real property located in Hopkins County, Kentucky.

**NOTICE**

NOTICE TO JUDGMENT DEBTOR You may be entitled to an exemption under K.R.S. 427.060, reprinted below.  If you believe you are entitled to assert an exemption seek legal advice.

In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed $5,000.00 in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon.

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed on August 28, 2015 to William Lee Shadrick and Vickie Lynn Shadrick, 70 Hickory Hollow Drive, Madisonville, KY 42431 in compliance with KRS 426.720(3).

ATTORNEY FOR PLAINTIFF:                    PREPARED BY :

Leif C. Ratliff                             Leif C. Ratliff
Logan, Morton & Ratliff                     Logan, Morton & Ratliff
P.O. Box 429                                P.O. Box 429
Madisonville, KY 42431                      Madisonville, KY
(270) 821-1445                              (270) 821-1445

**2016009411**
HOPKINS CO, KY FEE $13.00
PRESENTED / LODGED: 08-31-2015 10:06:36 AM

RECORDED: 08-31-2015
KEENAN CLOERN
CLERK
BY: NICOLE COFFMAN
DEEDS INDEXING

**BK: EN 107**
**PG: 170-170**

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS A
COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL
THAT PURPOSE.

B27 (Official Form27) (12/09)

# United States Bankruptcy Court

WESTERN _____ District Of KENTUCKY

In re WILLIAM L. & VICKIE L. SHADRICK ,
      Debtor

Case No. 10-40179
Chapter 07

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008.  It may be filed by any party to the reaffirmation agreement.

1.   Creditor's Name: UNITED STATES RURAL HOUSING SERVICE

2.   Amount of the debt subject to this reaffirmation agreement:
     $ 34,632.60 on the date of bankruptcy      $ 34,632.60 to be paid under reaffirmation agreement

3.   Annual percentage rate of interest: 9.75 % prior to bankruptcy
     9.75 % under reaffirmation agreement ( x  Fixed Rate ____ Adjustable Rate)

4.   Repayment terms (if fixed rate): $ 328.00 per month for 141 months

5.   Collateral, if any, securing the debt:  Current market value: $_____
     Description: _____

6.   Does the creditor assert that the debt is nondischargeable?  ☐ Yes  ☒ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

Debtor's Schedule I and J Entries

Debtor's Income and Expenses
as Stated on Reaffirmation Agreement

7A.  Total monthly income from $ 2,166.32   7B.  Monthly income from all $ 2,166.32
     Schedule I, line 16                          sources after payroll deductions

8A.  Total monthly expenses $ 2,166.32      8B.  Monthly expenses $ 2,166.32
     from Schedule J, line 18

9A.  Total monthly payments on $ 0          9B.  Total monthly payments on $ 0
     reaffirmed debts not listed on              reaffirmed debts not included in
     Schedule J                                  monthly expenses

                                            10B. Net monthly income $ 0
                                                 (Subtract sum of lines 8B and 9B from
                                                 line 7B.  If total is less than zero, put the
                                                 number in brackets.)

B27 (Official Form27) (12/09)                                                    Page 2

11.    Explain with specificity any difference between the income amounts (7A and 7B):

        _____
        _____

12.    Explain with specificity any difference between the expense amounts (8A and 8B):

        _____
        _____

        If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that
any explanation contained on those lines is true and correct.

        _____          _____
        Signature of Debtor (only required if         Signature of Joint Debtor (if applicable, and only
        line 11 or 12 is completed)                   required if line 11 or 12 is completed)

Other Information

    ☐    Check this box if the total on line 10B is less than zero. If that number is less than zero, a
presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with
specificity the sources of funds available to the Debtor to make the monthly payments on the
reaffirmed debt: _____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
        ☐ Yes                   ☐ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has
counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
        ☐ Yes                   ☐ No


                              **FILER'S CERTIFICATION**

        I hereby certify that the attached agreement is a true and correct copy of the reaffirmation
agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.


                                        _____
                                        Signature

                                        _____
                                        Print/Type Name & Signer's Relation to Case

B240A (Form B240A) (12/09)

> Check one.
> ☐ **Presumption of Undue Hardship**
> ☒ **No Presumption of Undue Hardship**
> *See Debtor's Statement II in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT

WESTERN _____ **District of** KENTUCKY _____

In re WILLIAM L. & VICKIE L. SHADRICK _____ ,          Case No. 10-40179 _____
          Debtor                                                  Chapter  07 _____

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** UNITED STATES RURAL HOUSING SERVICE _____

☐ Check this box if Creditor is a Credit Union

## I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this Reaffirmation Documents packet.**

1. Brief description of the original agreement being reaffirmed: MORTGAGE _____
          *For example, auto loan*

2. ***AMOUNT REAFFIRMED***:     $ 34,632.60 _____

> The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before the date you sign this Reaffirmation Agreement.
>
> *See the definition of "Amount Reaffirmed" in Part V.C below.*

3. The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is 9.75 %.

> *See definition of "Annual Percentage Rate" in Part V.C below.*

This is a (check one) ☒ Fixed rate          ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

Form B240A, Reaffirmation Documents                                        Page 2

4. Reaffirmation Agreement Repayment Terms:

    ☒ If fixed term, $ 328.00  per month for 141  months starting on 05/15/10 .

    ☐ If not fixed term, describe repayment terms: _____.

5. Describe the collateral, if any, securing the debt:

    Description:        34,632.60
    Current Market Value        $_____

6. Did the debt that is being reaffirming arise from the purchase of the collateral described above?

    ☐ Yes    ☐ No

    If yes, what was the purchase price for the collateral?    $_____
    If no, what was the amount of the original loan?    $_____

7. Detail the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due (including fees and costs) | $_____ | $_____ |
| Annual Percentage Rate | _____% | _____% |
| Monthly Payment | $_____ | $_____ |

8. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit: _____
_____

## II. DEBTOR'S STATEMENT IN SUPPORT
## OF REAFFIRMATION AGREEMENT

1. Were you represented by an attorney during the course of negotiating this agreement?

    Check one.    ☒ Yes    ☐ No

2. Is the creditor a credit union?

    Check one.    ☐ Yes    ☒ No

Previous **Current** Next          FMP1CICS FMP1 FHP64          P64  FBST   ET:0.859

**BKR/POC - CALCULATE AMOUNTS**     6504/22/201012:10:47 PM ETPFSP859          3 4 5 6

ACCOUNT NO  4382833          Bkr St/Dist/Div    KY    WE   OWENSBOR( Case 10-40179          A/C/D C

                                                                    Poc No 01- I

Debtor  WILLIAM L. SHADRICK                    Bkr Chapter   07

-------------------------------------------------------------------------------
-  -                                         --

Bkr: Status    ACTIVE         CONV DATE   00/00/00      Petition File Dt    02/08/10

Poc: Status    ACTIVE         Date   02/23/10      Poc Date        02/23/10

Plan: Status   NO PRE-PETN PLAN  Date   02/23/10      Poc Filed By     1373

-------------------------------------------------------------------------------
-  -                                         --

Debt/Arrear(D/A)    D      Credit Unapplied?    Y ADVANCES IN PRIN?   Y  Paid To  11/15/09

INTEREST : From  01/20/10  To 02/08/10      INT METH: DSI365/365 PER DIEM   7.6476

Type Funds          --DEBT AMOUNT---DEBT ADJUST----DEBT    Filed ---INCL ESC ADV

| Type Funds | DEBT AMOUNT | DEBT ADJUST | DEBT | Filed | INCL ESC ADV |
|---|---|---|---|---|---|
| PRIN BAL | 28629.50 | 0.00 | 28629.50 | | 28629.50 |
| INTEREST | 145.30 | 0.00 | 145.30 | | |
| UNAPPLIED* | 275.00 | 0.00 | 275.00 | | |
| EXP ADVANCE DETAIL?  N | 0.00 | 0.00 | 0.00 | | |
| ADMIN FEES DETAIL?  N | 0.00 | 0.00 | 0.00 | | |
| ESC ADVANCE DETAIL?  N | 0.00 | 0.00 | 0.00 | | |
| DEFERD AMT DETAIL?  N | 0.00 | 0.00 | 0.00 | | |
| JUDGEMENTS | 0.00 | 0.00 | 0.00 | | |
| SUBSIDY | 6132.80 | 0.00 | 6132.80 | | |
| INTEREST RECAPTURE | 0.00 | 0.00 | 0.00 | | |
| TOTAL | 34632.60 | 0.00 | 34632.60 | Ovride  0 | |

Message:     UPDATE COMPLETED               OK          BOTTOM

                                              Submit   Reset   P

Command:

Form B240A, Reaffirmation Documents                                        Page 3

3. If your answer to EITHER question 1. or 2. above is "No" complete a. and b. below.

    a.. My present monthly income and expenses are:

        i. Monthly income from all sources after payroll deductions
        (take-home pay plus any other income)         $ 2,166.32

        ii. Monthly expenses (including all reaffirmed debts except
        this one)         $ 1,838.32

        iii. Amount available to pay this reaffirmed debt (subtract ii. from i.)  $ 328.00

        iv. Amount of monthly payment required for this reaffirmed debt  $ 328.00

*If the monthly payment on this reaffirmed debt (line iv.) **is greater than** the amount you have
available to pay this reaffirmed debt (line iii.), you must check the box at the top of page one that
says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page
one that says "No Presumption of Undue Hardship."*

    b. I believe this reaffirmation agreement will not impose an undue hardship on my dependents
or on me because:

        Check one of the two statements below, if applicable:

        ☐ I can afford to make the payments on the reaffirmed debt because my monthly income
        is greater than my monthly expenses even after I include in my expenses the monthly
        payments on all debts I am reaffirming, including this one.

        ☐ I can afford to make the payments on the reaffirmed debt even though my monthly
        income is less than my monthly expenses after I include in my expenses the monthly
        payments on all debts I am reaffirming, including this one, because: _____
        _____

        Use an additional page if needed for a full explanation.

4. If your answers to BOTH questions 1. and 2. above were "Yes," check the following
statement, if applicable:

        ☐ I believe this reaffirmation agreement is in my financial interest and I can afford to
        make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

Form B240A, Reaffirmation Documents                                   Page 4

## III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I (We) hereby certify that:

     i. I (We) agree to reaffirm the debt described above.

     ii. Before signing this reaffirmation agreement, I (we) read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

     iii. The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

     iv. I am (We are) entering into this agreement voluntarily and fully informed of my (our) rights and responsibilities; and

     v. I (We) have received a copy of this completed and signed Reaffirmation Documents packet.

SIGNATURE(S):

Date _5-6-10_     Signature _William Starbuck_
                                   Debtor

Date _5-6-10_     Signature _____
                                    Joint Debtor, if any

       If a joint reaffirmation agreement, both debtors must sign.

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor _UNITED STATES RURAL HOUSING_   _4300 Goodfellow St. Louis MO 63120_
             Print Name                                Address

_William E. McClain_        _William E. McClain_   _04-22-10_
Print Name of Representative         Signature            Date

## IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date _5/6/2009_ Signature of Debtor's Attorney _Mark Litt_
             Print Name of Debtor's Attorney _Mark Litt_

Form B240A, Reaffirmation Documents                                            Page 5

## V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, detailed in Part B below, are not completed, the reaffirmation agreement is not effective, even though you have signed it.

A.    **DISCLOSURE STATEMENT**

1.   **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the reaffirmation agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2.   **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3.   **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A ''lien'' is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4.   **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this Reaffirmation Documents packet requiring signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required.

5.   **Can you cancel the agreement?** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

Form B240A, Reaffirmation Documents

Page 6

6.  **When will this reaffirmation agreement be effective?**

    a.  If you *were represented* by an attorney during the negotiation of your reaffirmation agreement

        i.  if the creditor is not a Credit Union, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship in which case the agreement becomes effective only after the court approves it;

        ii.  if the creditor is a Credit Union, your reaffirmation agreement becomes effective when it is filed with the court.

    b.  If you *were not represented* by an attorney during the negotiation of your reaffirmation agreement, the reaffirmation agreement will not be effective unless the court approves it.  To have the court approve your agreement, you must file a motion. See Instruction 5, below.  The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing, at which time the judge will review your reaffirmation agreement.  If the judge decides that the reaffirmation agreement is in your best interest, the agreement will be approved and will become effective.  However, if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your reaffirmation agreement.

7.  **What if you have questions about what a creditor can do?**  If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement.  If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the reaffirmation agreement.  When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything.  The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

**B.   INSTRUCTIONS**

1.  Review these Disclosures and carefully consider the decision to reaffirm.  If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above).  If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2.  Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3.  If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney section (Part IV above).

4.  You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5.  If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement *unless* your reaffirmation agreement is for a consumer debt secured by a lien on your real property, such as your home. You can use Form B240B to do this.

Form B240A, Reaffirmation Documents                                                   Page 7

## C.   DEFINITIONS

1.  **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The amount of debt includes any unpaid fees and costs arising on or before the date you sign this agreement that you are agreeing to pay. Your credit agreement may obligate you to pay additional amounts that arise after the date you sign this agreement. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this agreement.

2.  **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage Rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3.  **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

--%>

## Property Details        >> Inspection Details

Allow Third Party to View

### Property Info

| | | | | | |
|---|---|---|---|---|---|
| Loan #: | Type: | **CONV (13)** | FHA #: | | Mortgagor: **WILLIAM L SHA** |
| PMID: | FTV Date: | **8/21/2018** | ICC: | **Unknown** | **70 HICKORY HOLLOW DR** |
| Grass Cut Cycle: | **On** | Investor Type: | **Not Provided** | Investor Name: | **MADISONVILLE, KY 42431** |
| Allow Maint: | **Yes** | Allow Insp: | **Yes** | Hazard: | **No** | Transferred Property: <u>No</u> |
| Property Lot Size: | **15246** | Sale DT: | | Environmental Hazard: | **No** | VIN Number: |
| Maint Area: | **14,094 SqFt** | Total Lawn Size: | **14,094 SqFt** | Multi-Units: **Yes** (Number of Units: **0**) | Add'l Bldg (s): |
| Keypad Code: | | Contact Phone: | | Community Name: | | Lockbox Code: | **2474** |
| Tenant Occupied: | **No** | Sub-Client: | | | |
| Maintained Area: | **14,094 SqFt** | Lawn Condition: | **Grass Height 6-7 inches** | | Grass Cut Flag: | **Always Cut Gras** |
| ReReg Due Date: | | Municipality: | | | |
| Access Note: | | | | | |

‹                                                                          ›

## Inspection Details

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Insp Type: | **Verify Occupancy** (Occupancy-Full) | Time Frame: | **10 Day** | Req By: | **CODY POGUE** | | |
| Requested: | **11/12/2018** | Ordered: | **11/12/2018** | Inspected: | **11/20/2018** | Billed: | |
| Uploaded: | **11/20/2018** | Cancelled: | | Interior Photos: | **6** | Exterior Photos: | |
| Photo Amt: | **0.00** | Insp Price: | **25.30** | Total: | **25.30** | Secure: | |
| Occupancy: | **Vacant** | Occupied Units: | **0** | Verification: | **Padlock Present and Vac Posted** | | |
| Add'l Bldgs: | **No** | Type of Buildings: | | | | | |
| Pers Prop: | **Interior** | Pers Prop: | **Furniture** | | | Prop Type | |
| Full Baths: | **0** | Half Baths: | **0** | Bedrooms: | **0** | | |
| Color: | **Gray** | Construction: | **Frame** | Condition: | **Fair** | Stories: | |
| Value: | **$0K-$100K** | Neighborhood: | **Stable** | Boarded: | | Garage: | |
| LockBox: | **Functional** | Hazards: | **No** | For Sale: | **No** | Seller: | |
| Water Damage: | **No** | Burst Water Line/Fixture: | **No** | Windows Count: | **0** | Door Cour | |
| Broker: | | Phone: | | Sign In Yard: | | | |
| Keys Fit: | **Yes** | Walk Thru Done: | **Yes** | Interior Condition: | **Poor** | Results Co | |
| Tarped Roof: | **No** | Sump Pump: | | Hot Water Tank: | | USAR Sym | |
| AC/HVAC Present: | | Window AC Unit: | | Furnace Present? | | | |
| Damaged Foundation: | | Damaged Beyond Repair: | | Damage Affects Safety: | | Maybe Habitable: | |
| Dehumidifier: | | Dehumidifier Self Draining: | **No** | Water Heater: | | Water Heater Strapped: | |
| Int. Debris: **Clothes** | | | | | | | |
| Ext. Debris: **Junk** | | | | Hazards: | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Unsecured on arrival: | **No** | Card left at property: | **No** | Vacancy Posting left at property: | **No** | Letter delivered property: |

Pool: **No** Pool Type:  Pool Secure:  Pool Secure Method:  **No**

| | | | | | |
|---|---|---|---|---|---|
| Spa on site: | No | Spa Secure Method: | **NotProvided** | Does Spa Have more than 2" of water? | |
| Hot Tub: | No | Hot Tub Secure Method: | **NotProvided** | Does Hot Tub Have more than 2" of wat | |
| Fountain: | No | Fountain Secure Method: | **NotProvided** | Does Fountain Have more than 2" of wat | |
| Water Feature | No | Water Feature Secure Method: | **NotProvided** | Does Water Feature have more than 2" | |

| | | | | | |
|---|---|---|---|---|---|
| Interior Access: | | | | | |
| Lawn Type: | | Roof Type: | | Doors Boarded: | **0** |
| Locks Changed: | **No** | Sewer/Septic Connected: | **No** | Shared Utilities: **No** | HOA Maintained: **No** |

Water shut-off location:          Debris Type:          Debris Location:

Prev. Winterized:  **No**    By whom:

Reason for poor exterior condition:
Reason for poor interior condition:  **Poor**

**Unsecured Areas:**

<     >

| Front door: No | Back door: No | Basement: No | Crawl space: No | Garage door: | Side door: No |
| Ground level: No | Pet door: No | windows: No | Upper story window: No | Outbuilding No | Other: No |

## Appliances/Fixtures Missing:

| Dishwasher: No | Dryer: No | Garbage Disposal: No | Kitchen vent: No | Oven/R |
| Build-in microwave: No | Washer: No | Refrigerator: No | Stove No | T |
| Smoke Detector: No | CO2 Detector: No | Tubs/Showers: No | GFCI in wet areas: No | Plum |
| HVAC Components: No | Elec. Breaker panel: No | | | |

## Vacant Property Factors (Exterior)

| Above ground propane gas tank present: No | AC or Air Handler unse |
| Drainage Concerns: No | Broken glass pre |
| Chimney damage: No | Soffit dan |
| Fascia damage: No | Gutters/Down spouts dan |
| Shutter(s) damage: No | Debris on |
| Decks/Porches unacceptable/unsafe: No | Drain pipes missing/dan |
| Handrails damage/missing: No | Fence around property in disr |
| Graffiti on exterior/interior - visible from outside: No | Hazards at risk of damaging  adjoining prop |
| Roof sagging: No | Inoperable/leaking heating oil tank pre |
| Paved areas need cleaned of snow/ice: No | Snow greater than 18" on |
| Shingles missing/damaged: No | Roof h |
| Tripping Hazards location: | |
| Insects/Wildlife: No | |

## Vacant Property Factors (Interior)

| Attic Damage: No | Electric cover plates missing/uncapped: No | Flooring has holes, trip ha |
| Raw/Perishable garbage present: No | Water penetration visible in basement: No | Crock present for p |
| Doors/Entryway Damage: No | Peeling, cracking, scaling, chipping paint: No | Sink Dar |
| Feces: No | | |

## Vacant Property Factors (Landscape)

| Lawn needs edging: No | Leaves/Pine needles: No | Overgrown weeds/inv p |
| Shrubs need trimmed: No | Trees need trimmed: No | Vines Overgr |
| Weeds Overgrown: No | Trees/bushes need trimmed away from structure: No | Down Bran |
| Other: No | | |

## Vacant Property Factors (Outbuildings)

‹                                                                              ›

Outbuilding boarded: **No**        Outbuilding in disrepair: **No**        Outbuilding(s) need ex
                                                                        surface r

Outbuilding(s) need roof **No**        Outbuilding(s) need **No**        Outbuilding(s) with gr
repair:                                securing:

Outbuilding(s) with roof **No**
tarp:

## Vacant Property Factors (Pool/Hot Tub)

Other water feature requiring **No**        Pool/Hot Tub equipment **No**        cov
maintenance:                                missing:

Pool/Hot Tub fence/gate/lanai in **No**        Pool/Hot Tub needs treatment: **No**        dra
disrepair:

Remove damaged/unsecurable pool: **No**        Pool water condition:        sec

## Vacant Property Factors (Pool/Hot Tub)

911 **No**        Crime **No**        Media: **No**        Threatening or disparaging actio
Emergency:        Scene:                                beh

Other **No**

## Maintenance Needed

| Cut Grass: | No | Height: | 0-2 inches | Winterize: | No | Locks: | |
| Boarding: | No | | | Debris: | Both | Windows: | |
| Remove Snow: | No | Depth: | | Tarp Roof: | | Walkway: | |
| Walls: | | Bees / Wasps: | | Other Infestation: | | Interior Standing Water | |

## Utilities

| Electric On: | No | If Un-available, Reason why: |
| Water On: | No | If Un-available, Reason why: |
| Gas On: | No | If Un-available, Reason why: |
| Electric verified by: | | Electric provided by: |
| Water verified by: | | Water provided by: |
| Gas verified by: | | Gas provided by: |

## Are any of the following visual on the property?

| Airport: | No | Commercial Buildings: | No | Other Non-Residential Facilities: | No | Highway: | |
| Industrial Plants: | No | Railroad Tracks: | No | Vacant (Boarded) Homes: | No | Suspicious Odors |
| Hightension Lines: | No | Vacant Lots: | No | Streets In Disrepair: | No | Potential Hazard |
| Drug Activity: | No | | | | | | |
| Other: | | | | | | | |

## Exterior Condition Data

| Conforms to neighborhood conditions? | Yes | Commercial Activity? |
| Zoning affects marketability? | No | Damage affects safety? |
| Adverse easements or encroachments? | No | Visible signs of construction or remodeling? |
| Driveway? | Yes | Street? |
| Other? | No | |

## Damages

MCS 360

| Type | Discovered | Amount | Status | Updated | Comment | Locat |
|------|-----------|--------|--------|---------|---------|-------|
| Other: Other | 8/21/2018 11:00:00 AM | $444.00 | No Change/Stable | 11/20/2018 | BROKEN WINDOW | Exteri |
| Vandalism | 8/31/2018 1:00:00 AM | $456.00 | No Change/Stable | 11/20/2018 | DAMAGED DOOR | Exteri |
| Untypical | 8/31/2018 1:00:00 AM | $345.00 | No Change/Stable | 11/20/2018 | DRYWALL DAMAGES | Walls |
| Mildew/Mold | 9/10/2018 1:00:00 AM | $666.00 | No Change/Stable | 11/20/2018 | MULTIPLE SOURCES: MOISTURE, RAW GARBAGE | Other THRC TPRO |

Disclaimer: The damage amount represents an eyeball estimate only

**Violations**

No Violations reported on this inspection.

**Comments**

Padlock Present; Vacancy Signage Posted; Aspen Grove Number: KY424319999 Occupancy Verification by Vacancy Si Padlock Present.

**Notes**

No Notes exist for this inspection.

**No Access**

There have not been any No Access details reported on this work order.

**Postings / Notices**

No Postings/Notices reported on this inspection.

‹                                                                                                ›

Mortgage Contracting Services, LLC. Copyright 2011